UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INDIAN HARBOR INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 19-cv-07288-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 75 |

Plaintiff Ignacio Perez has brought a breach of contract claim, pursuant to an assignment, based on the insurance company's alleged bad faith failure to negotiate a settlement of the underlying TCPA action, which resulted in a $267 million verdict and judgment against the insured. Plaintiff now moves to extend the length of the deposition of Adam Williams, an attorney who served as Senior Claims Counsel for XL Catlin, the parent company of Defendant Indian Harbor Insurance Company. Plaintiff has already deposed Williams for seven hours and seeks an additional seven hours for a second full day of deposition. The Court grants the motion.

The stakes in this lawsuit are huge, and Williams is a very important witness. He was the sole claims adjuster responsible for the underlying matter from October 2016 through the verdict in May 2019. The parties dispute the proper interpretation of XL's guidelines for defense counsel, but one interpretation is that Williams was supposed to be in charge of settlement negotiations in the underlying action, making a thorough examination of his conduct during this nearly three year period highly relevant to this case.

The Court has conducted an *in camera* review of the entirety of the first seven hours of Williams' deposition, and this review confirms the need for a full second day of deposition. Plaintiff's counsel proceeded efficiently with focused, relevant questions; he went in chronological

order, the only way it made sense to proceed; and he has at least six more months of conduct to cover, which may take longer to get through as the testimony approaches the date of the verdict, and perhaps more than six months if there will be questioning about post-verdict conduct. Plaintiff states that he plans to question Williams on approximately 40 additional exhibits. This justifies seven more hours of deposition.

The Court is unpersuaded by Defendant's complaints. Plaintiff's counsel did not ask sneering, disparaging questions. He engaged in aggressive cross-examination that was appropriate for this sophisticated and well-prepared witness and for this high-stakes case. The witness was at times evasive, forcing questions to be repeated. Plaintiff's counsel did use several exhibits that Williams had never seen before, and asked him about events he had never heard of, but this was part of an effort to show that Williams was checked out when Plaintiff contends he should have been more engaged, which is a theme Plaintiff wants to develop in pressing the merits of his case, and he may use discovery to do that. Defendant also complains that Plaintiff's counsel asked questions that appeared to sound like gloating about his success in the underlying case, but the questions were intended to show that the insurer should have done more to settle the underlying action and should not have completely deferred to defense counsel. Again, Plaintiff may use discovery to try to develop the merits of his case.

The Court recognizes that 14 hours of deposition is a lot for a witness to go through, but given Williams' multi-year involvement in the underlying case and his importance in this lawsuit, the time is worth it. There is no prejudice to Defendant in this ruling because the Court has allocated each side 70 hours of deposition time, *see* ECF No. 61, so this order merely affects how Plaintiff spends those hours and does not increase any discovery burden on Defendant.

Accordingly, the Court orders that Plaintiff may depose Williams for 14 hours of record time.

**IT IS SO ORDERED.**

Dated: March 26, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge

2