1   Max H. Stern (SBN 154424)
Jessica E. La Londe (SBN 235744)
2   Michelle N. Khoury (SBN 307229)
**DUANE MORRIS LLP**
3   Spear Tower
One Market Plaza, Suite 2200
4   San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
5   Facsimile: +1 415 957 3001
E-mail:        mhstern@duanemorris.com
6                  jelalonde@duanemorris.com
                 mkhoury@duanemorris.com
7
Attorneys for Defendant
8   INDIAN HARBOR INSURANCE COMPANY

9                  **IN THE UNITED STATES DISTRICT COURT**

10              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12   IGNACIO PEREZ,                         Case No.: 4:19-cv-07288-YGR
                                          (Related to Case No. 4:16-cv-03396-YGR)
13                  Plaintiff,
                                          **DEFENDANT INDIAN HARBOR**
14        v.                              **INSURANCE COMPANY'S NOTICE OF**
                                          **MOTION AND MOTION FOR LEAVE**
15   INDIAN HARBOR INSURANCE COMPANY       **TO FILE MOTION FOR**
and DOES 1 through 50, inclusive,        **RECONSIDERATION**
16
                  Defendants.
17

18                                        Judge:     Hon. Yvonne Gonzalez Rogers
                                          Complaint Filed:     November 5, 2019
19                                        First Amended Complaint Filed:
                                                              May 18, 2020
20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION          CASE NO.: 4:19-CV-07288-YGR

1
2

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

3    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4           PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-

5    9(b)(2), Defendant Indian Harbor Insurance Company ("Indian Harbor") hereby moves this Court

6    for an order granting it leave to file a motion for reconsideration of the portion of this Court's May

7    11, 2020 Order denying Indian Harbor's Motion to Dismiss Complaint and/or Stay Case. (ECF No.

8    32.) Specifically, Indian Harbor wishes to move for reconsideration of the portion of the Order

9    denying a stay of this case. The Order should be reconsidered based on an intervening change of

10   controlling law. Indian Harbor submits its proposed motion for reconsideration with this motion.

11   Indian Harbor intends to request that the motion for reconsideration be considered on shortened time

12   (to be heard before expert disclosures on May 14, 2021), pursuant to an anticipated motion to

13   shorten time or stipulation to shorten time (with a proposed order) under Civil Local Rule 6-3.

14   ## MEMORANDUM OF POINTS AND AUTHORITIES

15   ### INTRODUCTION

16          Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for

17   reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may

18   be made on one of three grounds: (1) a material difference in fact or law exists from that which was

19   presented to the Court, which, in the exercise of reasonable diligence, the party applying for

20   reconsideration did not know at the time of the order; (2) the emergence of new material facts or a

21   change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal

22   arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3); *see also Trazo v. Nestle*

23   *USA, Inc.,* 113 F.Supp.3d 1047, 1049 (N.D. Cal. 2015) (acknowledging that intervening changes in

24   controlling law provide basis for reconsideration).

25          Defendant Indian Harbor seeks leave to move for reconsideration of the Order as follows:

26          Since entry of the Order, there has been a change in controlling law. Specifically, the

27   Supreme Court of the United States issued its decision in *Facebook, Inc. v. Duguid, et al.*, 2021 WL

28   1215717, at *1 (U.S. April 1, 2021), which holds that under the Telephone Consumer Protection Act

1

("TCPA"), Automatic Telephone Dialing Systems ("ATDSs") include only those systems with "the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." Thus, predictive dialers are not considered ATDSs unless they use a random or sequential number generator.

By way of background, this case for alleged bad faith failure to settle is premised on the underlying judgment in *Perez v. Rash Curtis & Associates* (Case No. 4:16-cv-03396-YGR) ("TCPA Class Action"). The *Duguid* decision changes the legal context in which the judgment in the TCPA Class Action exists and creates demonstrable uncertainty in the underlying judgment. In the TCPA Class Action, the underlying Plaintiffs, in their motion for partial summary judgment, described the "central element" of their TCPA claim for the class the issue of whether Rash Curtis's dialers constituted ATDSs within the meaning of the TCPA. (TCPA Class Action ECF No. 139, p. 7.)  In opposition, Rash Curtis argued that its dialers were not ATDSs because they did not have the capacity to store or produce telephone numbers using a random or sequential number generator. (TCPA Class Action ECF No. 152.) In its February 2, 2018 order on the parties' cross-motions for summary judgment, this Court determined that Rash Curtis's dialers were ATDSs, based solely on the dialers' predictive dialing capabilities. (TCPA Class Action ECF No. 167, pp. 6-8, 21) (the "MPSJ ATDS Ruling"). Rash Curtis challenged this Court's MPSJ ATDS Ruling twice—in a motion for reconsideration and a motion to amend the order denying the motion for reconsideration. (TCPA Class Action ECF Nos. 189, 206.) Both of Rash Curtis's motions were denied. (TCPA Class Action ECF Nos. 199, 218.)

The TCPA Class Action proceeded to trial, and for one of the dialers (the TCN dialer), the jury found the only basis for liability for 31,064 calls was on the ATDS status of the dialer. (TCPA Class Action ECF No. 347.) In this Court's Final Judgment, it held that "Consistent with the jury's verdict on May 13, 2019, ECF No. 347, each member of the Classes shall recover from the Defendant, Rash Curtis & Associates, the amount of $500 per call made in violation of the Telephone Consumer Protection Act[.]" (TCPA Class Action ECF No. 430.) As a result, Rash Curtis's total liability for phone calls made by all three of its dialers was $267,349,000, with liability attributable to calls made by the TCN dialer being $15,532,000. (*Id*.) The judgment in the TCPA

2

1   Class Action is on appeal in the Ninth Circuit, and briefing is complete. (Ninth Circuit Case No. 20-

2   15946 ECF Nos. 12, 27, 33.) In light of *Duguid*, the judgment in the TCPA Class Action is

3   uncertain. Plaintiff concedes that, at minimum, $15,532,000 of the underlying judgment derived

4   from the TCN dialer is solely based on ATDS liability that no longer can be imposed on Rash Curtis.

5   (Ninth Circuit Case No. 20-15946 ECF No. 38.)

6           Shortly after this bad faith action was filed, Indian Harbor filed a Motion to Dismiss, or

7   Alternatively Stay ("Motion to Stay"), on the grounds that there was not a final excess judgment,

8   which is a prerequisite for a bad faith failure to settle claim under California law. (ECF No. 13.)

9   Indian Harbor argued this action should be stayed because there was no final judgment in the TCPA

10  Class Action due to pending post-trial motions and the pending appeal. (*Id*.) In the Order denying

11  Indian Harbor's Motion for Stay, this Court agreed with Indian Harbor that a final excess judgment

12  is required to confer subject matter jurisdiction (ripeness) and to state a claim for bad faith failure to

13  settle under California law. (ECF No. 32, p. 8.) However, this Court determined that the judgment in

14  the TCPA Class Action was "final" according to federal res judicata principles. (*Id*. at pp. 9-10.) In

15  light of *Duguid*, the underlying judgment no longer has the full preclusive effect upon which this

16  Court premised its finding in the Order. *See Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019)

17  (applying change-in-law exception to the preclusive effect of final judgments). Thus, this case

18  should be stayed pending review by and directions from the Ninth Circuit on the appeal of the

19  judgment in the TCPA Class Action.

20          Indian Harbor would be prejudiced if it were forced to proceed in this litigation on this

21  uncertain underlying judgment. Part of Plaintiff's theory in this action is that Indian Harbor acted in

22  bad faith by not pushing harder for settlement once Plaintiff obtained the MPSJ ATDS Ruling.

23  Plaintiff has also questioned Rash Curtis's defense counsel's optimism that Rash Curtis would

24  ultimately prevail in demonstrating its dialers were not ATDSs. Based on *Duguid*, it is now

25  established that underlying defense counsel's position on ATDS liability was correct. Additionally,

26  Plaintiff's overarching argument is that Indian Harbor failed to settle a case leading to a $267 million

27  judgment; that amount is now incorrect and uncertain. The parties do not know what relief the Ninth

28  Circuit will grant with respect to this change in controlling law and what other changes to the

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION          CASE NO.: 4:19-CV-07288-YGR

1 underlying judgment may result or otherwise be made. Because the MPSJ ATDS Ruling (and

2 therefore part of the verdict and the judgment) are now based on incorrect law, but the extent to

3 which the judgment will change is uncertain, Indian Harbor would be prejudiced in moving forward

4 with this case. The parties are completing fact discovery and are about to proceed to expert reports

5 and expert depositions, then motions for summary judgment and trial, yet Indian Harbor does not

6 know the contours of the final judgment against it in defending its conduct. This case should be

7 stayed until the Ninth Circuit completes its review of the case and the judgment in the underlying

8 case is certain.

9       Pursuant to Civil Rule 7-9(b), Indian Harbor has demonstrated reasonable diligence in

10 bringing this motion, as the Supreme Court's decision in *Facebook, Inc. v. Duguid* was issued less

11 than two weeks ago, on April 1, 2021, and Plaintiff just filed its response to Rash Curtis's notice of

12 the decision on April 9, 2021, wherein Plaintiff conceded that "the District Court's finding that Rash

13 Curtis's dialing systems constituted ATDSs must be reversed under *Facebook*." (Ninth Circuit Case

14 No. 20-15946 ECF No. 38.)

15 **CONCLUSION**

16       In light of this recent change in law, and for the reasons stated herein and more fully in the

17 attached motion for reconsideration, Indian Harbor respectfully requests that this Court grant Indian

18 Harbor's motion for leave to file the attached proposed motion for reconsideration.

19

20 Dated: April 13, 2021                      **DUANE MORRIS LLP**

21

22                           By:   /s/ Max H. Stern
                                Max H. Stern

23                                 Jessica E. La Londe
                                Michelle N. Khoury

24                                 Attorneys for Defendant
                                INDIAN HARBOR INSURANCE COMPANY

25

26

27

28

4