*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>INDIAN HARBOR INSURANCE COMPANY,<br><br>Defendant. | Case No.  4:19-cv-07288-YGR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO STAY<br><br>Re: Dkt. No. 87 |

In the related matter, *Perez v. Rash Curtis & Associates*, No. 4:16-cv-03396-YGR, (N.D. Cal.) ("*Perez I*"), a jury verdict was entered that each member of the class shall recover from defendant the amount of $500 per call made in violation of the Telephone Consumer Protection Act ("TCPA"), for an aggregate award in favor of the class of over $267 million. (Dkt. No. 347.) On October 25, 2020, the Court approved the October 11, 2019 assignment, which assigned to the class Rash Curtis & Associates' ("Rash Curtis") bad faith claim against its insurer, Indian Harbor Insurance Company ("Indian Harbor").  (Dkt. No. 392.)

In this action, Ignacio Perez is now seeking to recover monies against Indian Harbor.  (*See* Dkt. No. 1 at 5.)  Perez brings one count of a breach of contract – a breach of the good faith and fair dealing provision – and seeks to recover the jury award plus interest.  (*Id.* at 4-5.)   The Court previously granted a motion to dismiss certain related defendants, denied a motion to stay, and granted in part and denied in part a motion to strike.  (Dkt. No. 32.)

United States District Court
Northern District of California

1    Now before the Court is Indian Harbor's motion to reconsider the Court's prior Order with

2    respect to the denial of the motion to stay.  (Dkt. No. 87.)  Specifically, Indian Harbor contends

3    that recent authority from the United States Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-

4    511, 141 S.Ct. 1163, 2021 WL 1215717 (U.S. Apr. 1, 2021), warrant the staying of this case.  In

5    light of this recent intervening authority, the Court granted leave to Indian Harbor to file a motion

6    for reconsideration. (Dkt. No. 84 (motion for leave to file a motion for reconsideration), 85 (Order

7    granting leave to file a motion for reconsideration).)

8    Having reviewed the parties' briefing, and for the reasons set forth below, the motion for

9    reconsideration and to stay the case is **DENIED**.

10    In short, Indian Harbor has not demonstrated the appropriateness of a stay in light of

11    *Duguid*.  The parties at minimum agree that *Duguid* will result in at least a reduction of the

12    judgment in the *Perez I* matter in the amount of approximately $15,532,000, decreasing the total

13    award from $267,349,000 to $251,817,000.  Indian Harbor contends however that the entire

14    judgement is unsound and therefore at risk of being entirely reversed and remanded back to this

15    Court in light of *Duguid*.   This is especially so, Indian Harbor contends, in light of California state

16    authority which requires the exhaustion of all appeals for the finality of judgments.

17    Indian Harbor does not persuade.  Indian Harbor does not demonstrate that the entire

18    judgment is at risk from *Duguid*.  At best, *Duguid* will require an approximately 5.8% reduction in

19    the total damages amount.  Indian Harbor does not otherwise show that *Duguid* would warrant the

20    reversal of the remaining damages amount.  Indian Harbor's further reliance on California

21    authority is misplaced.  As the Court previously held, "unlike California state court judgments,

22    federal judgments like the one in [Perez]'s prior federal action are deemed final when entered,

23    even if an appeal is pending." *Liu v. Levinson*, 17-cv--5384-JSW, 2018 WL 10604346, at *7 (N.D.

24    Cal. May 11, 2018) (citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006)).  This

25    contrasts to California state law, where "a judgment is not final during the pendency of and until

26    the resolution of an appeal." *Louen v. City of Fresno*, 1:04-cv-06556-OWW SMS, 2007 WL

27    2288321, at *3 (E.D. Cal. Aug. 8, 2007) (citing *Sosa*, 437 F.3d at 928).

28    Moreover, "[a] stay pending the resolution of another case is appropriate only in 'rare

United States District Court
Northern District of California

2

1    circumstances.'" *Ass'n of Irritated Residents v. United States Envtl. Protection Agency*, 4:18-cv-

2    01604-YGR, 2018 WL 3548885, at \*2 (N.D. Cal. July 24, 2018) (quoting *Landis v. North Am.*

3    *Co.*, 299 U.S. 248, 255 (1936)).  In contemplating a stay, a court should weigh, *inter alia*, "the

4    possible damage which may result from granting the stay."  *Id.*  Here, the related *Perez I* case was

5    commenced approximately five years ago.  A stay of this case, based upon actions undertaken in

6    *Perez I*, would be highly prejudicial to Perez's and the class's case.  Therefore, even in weighing

7    the appropriateness of the stay, any stay is highly prejudicial to Perez and the class and outweighs

8    any harm to Indian Harbor from the denial of a stay.

9            Accordingly, the motion for reconsideration is **DENIED**.

10           This Order terminates Docket Number 87.

11           **IT IS SO ORDERED.**

12    Dated: June 24, 2021

13

14                                                        _____
                                                          **YVONNE GONZÁLEZ ROGERS**
                                                          **UNITED STATES DISTRICT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California